**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
444 West C Street, Suite 230
San Diego, CA 92101
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALBERTO MONGE,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**BAYVIEW SOLUTIONS, LLC.,**<br><br>Defendant. | **Case No.:** 5:17-CV-02000<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>**1.) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**<br><br>**2.) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The California legislature enacted the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788 *et seq.*, to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for debtor's rights and prohibit debt collectors from engaging in unfair or deceptive acts and practices.

3. Plaintiff, ALBERTO MONGE, ("Plaintiff") brings this class action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the deceptive, unfair, and unlawful actions of BAYVIEW SOLUTIONS, LLC. ("BAYVIEW" or "Defendant") with regard to Defendant's unlawful debt collection practices that violate both state and federal debt collection laws.

///

4. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Plaintiff alleges that all violations by Defendant were knowing, intentional, and malicious, and that Defendant did not maintain procedures reasonably adapted to avoid any such violations.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

8. All the conduct engaged in by Defendant occurred in the State of California.

9. At all times relevant, Plaintiff was an individual residing within the State of California.

10. All correspondence referenced herein was sent to Plaintiff at an address located within the State of California using U.S. mail.

## JURISDICTION AND VENUE

11. This action arises out of Defendant's violations of: (i) The Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.*; and (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.

12. Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state law claims.

13. The Court has personal jurisdiction over Defendant as they conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

14. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 as: (i) Plaintiff resides in the County

of Riverside, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

15. Plaintiff, ALBERTO MONGE, ("Plaintiff") is a natural person who resides in the City of Moreno Valley, County of Riverside, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendant, BAYVIEW SOLUTIONS, LLC., ("BAYVIEW") is a Florida limited liability company.

17. BAYVIEW in the ordinary course of business, uses U.S. Mail and/or the instrumentalities of interstate commerce to carry out their principle business purpose which is the collection of debts.

18. BAYVIEW, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

20. Sometime prior to December of 2010, Plaintiff is alleged to have incurred a debt with HSBC/Best Buy Co. Inc. in the amount of $4,129.00, (the "Debt").

21. This alleged Debt was incurred primarily for personal, family or household purposes and is therefore a "consumer debt" as that term is defined by Cal.

Civil Code § 1788.2(f), and a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

22. The alleged Debt was in default in or before November of 2011.

23. The statute of limitations on the Debt lapsed in or before November of 2015.

24. Sometime thereafter, the Debt was placed with BAYVIEW for the sole purpose of debt collection.

25. On August 18, 2017, almost two (2) years after the statute of limitations had lapsed, BAYVIEW contacted Plaintiff from phone number (855) 566-3675, attempting to collect on the time-barred Debt.

26. At this time, BAYVIEW threatened Plaintiff with "*further* legal action" regarding the Debt.

27. Fearing litigation, On August 18, 2017, Plaintiff contacted Defendant at (855) 566-3675, and spoke to a BAYVIEW representative who stated that a lawsuit was ***already*** pending against Plaintiff, and "in order to avoid going to court" Plaintiff should settle the Debt with BAYVIEW "in-house."

28. Therefore, BAYVIEW threatened legal action against Plaintiff that could not legally be taken.

29. On August 24, 2017, during one or more phone calls, BAYVIEW again threatened Plaintiff with "*further* legal action" unless payment was received for the Debt.

30. Believing legal action had already been taken against him, and fearing "further legal action" by BAYVIEW, Plaintiff is alleged to have entered into a written settlement and reaffirmation agreement with BAYVIEW for the Debt.

31. On August 30, 2017, BAYVIEW, misrepresenting they were a process server, contacted Plaintiff again and left a voicemail stating:

> Attention this is an urgent legal message for Alberto Monge, my name is Tyler Roose I'm calling as Process Service Dispatch Verification San Bernardino. This call is to notify Alberto Monge that ***we are issuing out a***

> *court order summons.* If you need to make any changes to the time, date, delivery, or location, or have any questions regarding the matter, please contact the law firm handling your case, their phone number is (855) 566-3675. Again it is (855) 566-3675. Alberto when calling please use your case number 2017-141174. ***Failing to contact the issuing firm will result in further legal proceedings to take place without your knowledge, <u>a bench warrant may be issued.</u>*** Alberto Monge, you have been notified (emphasis added).

32. The voicemail explicitly references (855) 566-3675, a phone number associated with BAYVIEW in previous phone calls, in an attempt to coerce Plaintiff into contacting BAYVIEW to make a payment on the Debt.

33. The voicemail explicitly references a bogus "case number" to decieve Plaintiff into believing there had been a lawsuit filed against him, and that failure to contact BAYVIEW would result in further legal action, criminal prosecution, and specifically, a 'bench warrant" for Plaintiff's arrest.

34. BAYVIEW is not a law firm, and BAYVIEW's business does not encompass filing lawsuits against consumers.

35. Through the date of this filing, no legal action has been taken against Plaintiff by BAYVIEW, and no lawsuit is currently pending in any California court against Plaintiff for the alleged Debt.

36. Therefore, in an attempt to collect upon a time-barred Debt, BAYVIEW unlawfully threatened criminal prosecution by attempting to intimidate Plaintiff with false threats of "further legal proceedings," and a "bench warrant."

37. Through this conduct, BAYVIEW violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken; (iii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or

attempt to collect a debt; and (iv) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, BAYVIEW also violated Cal. Civ. Code § 1788.17.

38. On August 31, 2017, BAYVIEW, contacted Plaintiff again and left a second voicemail stating:

> Hi this message is for Alberto Monge. This call is regarding *legal documents*; *actually he is being sued*. I have on here that he does need to call the office as soon as possible. Please call the telephone number (855) 566-3675. Again I'm looking for Alberto Monge, these are regarding *legal documents, he is actually being sued*. . . If he could just please call back. Thank you. (emphasis added).

39. Through this message, BAYVIEW again attempted to coerce Plaintiff into paying the time-barred Debt by falsely representing that a lawsuit had been filed against him.

40. Through this conduct, BAYVIEW violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken; (iii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; and (iv) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, BAYVIEW also violated Cal. Civ. Code § 1788.17.

41. It is BAYVIEW's common practice and policy to coerce consumers into paying time-barred debts by: (i) falsely representing and implying that lawsuits have been filed against consumers when no such lawsuits had been filed; and (ii) falsely representing threats of a lawsuit, criminal prosecution,

and bench warrants, in order to coerce payments on time-barred debts which were no longer legally enforceable.

42. The August 18, 2017, phone call was also an "initial communication" as that term is defined by 15 U.S.C. § 1692g.

43. Defendant failed to send Plaintiff the required validation notice within five (5) days of the initial communication as required by 15 U.S.C. § 1692g.

44. Through this conduct, Defendant violated 15 U.S.C. § 1692g by failing to send Plaintiff, within five days of the initial communication, a written notice containing: (i) the amount of the debt; (ii) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (iii) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (iv) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

45. Though this conduct, Defendant also violated Cal. Civ. Code § 1812.700(a)-(b) and Cal. Civ. Code § 1812.702 by failing to include a Consumer Collection Notice as defined by Cal. Civ. Code § 1812.700(a). Cal. Civ. Code § 1812.702 provides that any violation of Cal. Civ. Code § 1812.700, *et seq.* is violation of the RFDCPA; thus, Defendant violated the RFDCPA, (Cal. Civ. Code § 1788, *et seq.*).

46. By failing to include the Consumer Collection Notice as defined by Cal. Civ. Code § 1812.700(a), Plaintiff, and similarly situated consumers, were unaware of their rights as stated in Cal. Civ. Code § 1812.700(a). Specifically, Plaintiff,

and others similarly situated, were not aware or advised that: (i) debt collectors cannot contact consumers before 8 a.m. or after 9 p.m.; (ii) that debt collectors may not use threats of violence, **threats of arrest**, or obscene language; (iii) that debt collectors cannot use false or misleading statements, contact consumers at their place of employment, or discuss a debt with a third party; (iv) *and most importantly*, that consumers could obtain more information or report misconduct of a debt collector to the Federal Trade Commission.

47. In its attempts to collect on time-barred debts, it is Defendant's common practice and policy **_not_** to provide consumers with required disclosures and validation notices as required by 15 U.S.C. § 1692g and Cal. Civ. Code § 1812.700(a)-(b) and Cal. Civ. Code § 1812.702.

48. On or about August 30, 2017, BAYVIEW sent a Settlement and Reaffirmation Agreement, (the "Settlement Agreement") to Plaintiff.

49. In the Settlement Agreement, Defendant attempted to induce Plaintiff into making payments and/or promise to make payments on the time-barred Debt in an effort to restart the statute of limitations.

50. However, the Settlement Agreement, and Defendant, failed to disclose: (i) the age of the Debt; (ii) that a four (4) year statute of limitations applied to the Debt; (iii) that the Debt was out of the time frame for legal enforceability; and (iv) that making a payment, or promising to make a payment, on the time-barred Debt would revive the statute of limitations and permit Defendant to sue Plaintiff on the Debt.

51. Through this conduct, BAYVIEW violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken or that is not intended to be taken; (iii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or

| | |
|---|---|
| 1 | attempt to collect a debt; and (iv) 15 U.S.C. § 1692f by using unfair or |
| 2 | unconscionable means to collect or attempt to collect a debt. These sections |
| 3 | are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, |
| 4 | BAYVIEW also violated Cal. Civ. Code § 1788.17. |

52. In its attempts to collect on time-barred debts, it is Defendant's common practice and policy to send out misleading debt collection letters to consumers throughout California that fail to disclose: (i) the age of the debts; (ii) that a four (4) year statute of limitations applies to the debts; (iii) that the debts are out of the time frame for legal enforceability; and (iv) that making a payment, or promising to make a payment, on time-barred debts will revive the statute of limitations and permit Defendant to sue consumers on the debts in the future.

## CLASS ALLEGATIONS

53. Plaintiff brings this class action on behalf of himself, and on behalf of all others similarly situated.

54. Plaintiff defines "Class 1" as:

> (i) all persons with addresses within the State of California; (ii) who were contacted by Defendant; (iii) where Defendant threatened criminal prosecution against said persons; (iv) in an attempt to collect on consumer debt(s); (v) within one year prior to the filing of the Complaint in this action.

55. Plaintiff defines "Class 2" as:

> (i) all persons with addresses within the State of California; (ii) who were contacted by Defendant; (iii) who did not receive validation notices as required by 15 U.S.C. § 1692g within five (5) days after the initial communication; (iv) to recover a consumer debt; (v) within one year prior to the filing of the Complaint in this action.

56. Plaintiff defines "Class 3" as:

> (i) all persons with addresses within the State of California; (ii) who were contacted by Defendant; (iii) who did not receive Consumer Collection Notices as defined by Cal. Civ. Code § 1812.700(a); (iv) to recover a consumer debt; (v) within one year prior to the filing of the Complaint in this action.

57. Plaintiff defines "Class 4" as:

> (i) all persons with addresses within the State of California; (ii) who were sent a written communication by Defendant; (iii) which failed to disclose the age of the debt, the four year statute of limitations on the debt(s), and/or that the debt was out of the statue of limitations; (iv) in an attempt to collect on time-barred consumer debt(s); (v) within one year prior to the filing of the Complaint in this action.

58. Plaintiff defines "Class 5" as:

> (i) all persons with addresses within the State of California; (ii) who were sent a written communication by Defendant; (iii) which failed to disclose that making a payment on time-barred debt(s), and/or agreeing to make a payment, would revive the statute of limitations and permit Defendant to sue consumer(s) on the debt(s); (iv) in an attempt to collect on time-barred consumer debt(s); (v) within one year prior to the filing of the Complaint in this action.

59. Defendant and its employees and agents are excluded from the Classes. Plaintiff's attorney(s), their employees and agents, and any judge, judicial officer, or Court employee assigned to this action are excluded from the Classes.

60. Plaintiff does not know the exact number of persons in the Classes, but believes them to be in the several hundreds, making joinder of all these actions impracticable.

61. The identities of individual Class members are ascertainable through Defendant's and/or Defendant's agent's records or by public notice.
62. There is a well-defined community of interest in the questions of law and fact affecting the members of the Classes. The questions of law and fact are common to the Classes and predominate over questions affecting only individual class members, including but are not limited to, the following:
    a) Whether Defendant violated the FDCPA as described herein;
    b) Whether Defendant violated the RFDCPA as described herein;
    c) Whether members of the Classes are entitled to remedies under the FDCPA;
    d) Whether members of the Classes are entitled to remedies under the RFDCPA;
    e) Whether members of the Classes are entitled to declaratory relief;
    f) Whether members of the Classes are entitled to injunctive relief;
    g) Whether members of the Classes are entitled to an award of reasonable attorney's fees and costs of suit pursuant to the FDPCA;
    h) Whether members of the Classes are entitled to an award of reasonable attorney's fees and costs of suit pursuant to the RFDPCA;
63. Plaintiff will fairly and adequately protect the interests of the Classes.
64. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.
65. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.
66. A class action is a superior method for the fair and efficient adjudication of this controversy.
67. Class-wide damages are essential to induce Defendant to comply with the federal and state laws alleged in the Complaint.

///

68. The interests of class members in individually controlling the prosecution of separate claims against Defendant are minimal because the combined maximum statutory damages in an individual action under the FDCPA and the RFDCPA are $2,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.*, securities fraud.

69. Defendant has acted on grounds generally applicable to the classes, thereby making appropriate final declaratory relief with respect to the classes as a whole.

70. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard-type notice and/or via an Internet website.

71. Plaintiff requests certification of hybrid classes for monetary damages and injunctive relief.

## FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. § 1692 ET SEQ.

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

74. As a result of each and every violation of the FDCPA, Plaintiff and Class Members are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each named Defendant individually.

///

///

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.

75. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
76. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.
77. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violation of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).
78. As a result of each and every violation of the RFDCPA, Plaintiff and Class Members are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each named Defendant individually. In addition, Plaintiff and the members of the classes are entitled to an award of statutory damages to the classes in amount of $500,000 or 1 percent of the net worth of Defendant pursuant to Cal. Civ. Code § 1788.17.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:
- That this action be certified as a class action on behalf of the Classes and Plaintiff be appointed as the representative of the Classes;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative class member;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff and putative class

member;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff and putative class member against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- That the Court preliminarily and permanently enjoin Defendant from engaging in the unlawful collection practices stated herein.
- Any and all other relief that this Court deems just and proper.

Dated: September 30, 2017

Respectfully submitted,

**SINNETT LAW, APC.**

BY: /S/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF

## TRIAL BY JURY

79. Pursuant to the Seventh Amendment in the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 30, 2017

Respectfully submitted,

**SINNETT LAW, APC.**

BY: /s/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFF