1 | **SINNETT LAW, APC.**
2 | Wayne A. Sinnett (SBN: 302987)
  | ws@sinlegal.com
3 | Crystal T. Innabi (SBN: 316434)
4 | ci@sinlegal.com
  | 444 West C Street, Suite 230
5 | San Diego, CA 92101
6 | Tel: (619) 752-0703
  | Fax: (619) 330-2120
7
  | *Attorneys for Plaintiff*
8

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| ALBERTO MONGE, individually and on behalf of all others similarly situated, | Case No.: 5:17-CV-02000-JGB-KK |
|---|---|
| Plaintiff, | **CLASS ACTION** |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |
| BAYVIEW SOLUTIONS, LLC., | Date:       June 4, 2018 |
| Defendant. | Time:       9:00 a.m. |
| | Judge:      Hon. Jesus G Bernal |
| | Courtroom:  Riverside, Courtroom 1 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff, ALBERTO MONGE, ("Plaintiff") filed the Complaint in this action on September 30, 2017, alleging that he, and others similarly situated, were contacted by Defendant, BAYVIEW SOLUTIONS, LLC. ("Bayview" or "Defendant") in an attempt to collect debts that were past the statute of limitations. (Dkt No. 1.) Defendant threatened Plaintiff(s) with criminal prosecution, and failed to send validation and consumer collection notices within the time prescribed by federal and state laws.

Since filing this action, Bayview has produced documents identifying United Payment Center Inc. d/b/a MSM Portfolio Management, ("MSM"), and MSM's involvement in the unlawful debt collection practices described in Plaintiff's Complaint in violation of (1) The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*; and (2) The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.*

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 23, 2018. (Declaration of Wayne A. Sinnet, "Sinnett Decl." ¶ 2). The parties engaged in informal discovery, and only recently, on February 26, 2018, were document's produced giving rise to new facts and parties to this action.

Plaintiff now seeks leave to amend on his Complaint on the basis that Plaintiff has recently obtained new evidence to support his claims against Defendant and MSM.

## II.     LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure provides that after a pleading has been amended by right, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15;

*AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 951 (9th Cir. 2006).

The Ninth Circuit has consistently held that leave to amend under Rule 15 should be granted with "***extreme liberality.***" *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); citing *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001).

"Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

However, "[n]ot all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003); "Prejudice is the touchstone of the inquiry under rule 15(a)." *Id.*

The party seeking leave to amend need only establish the reason why amendment is required, "[t]he party opposing amendment bears the burden of showing prejudice." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003); *Jeong v. Minnesota Mut. Life Ins. Co.*, 46 F. App'x 448, 450 (9th Cir. 2002); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir.1987).

### III.   ARGUMENT

**A. JUSTICE REQUIRES LEAVE TO AMEND BE GRANTED**

Leave to amend is justified as Plaintiff has obtained new facts and evidence which were not in existence, nor available to Plaintiff when the complaint was filed. "Where the plaintiff offers to provide 'additional evidence' that would add

'necessary details' to an amended complaint and such offer is made in good faith, leave to amend should be granted." *McMullen v. Fluor Corp.*, 81 F. App'x 197, 199-200 (9th Cir. 2003); citing *Broudo v. Dura Pharm., Inc.*, 339 F.3d 933, 940-41 (9th Cir. 2003), rev'd, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005); See also, *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003).

Here, Plaintiff has obtained additional facts and evidence that support bringing additional claims. Specifically, on February 26, 2018, BAYVIEW produced multiple documents, including a collection agreement between MSM and BAYVIEW, whereas BAYVIEW retained MSM to provide debt collection services on behalf of BAYVIEW. (Sinnett Decl. ¶ 3). This goes to the heart of Plaintiff's Complaint, as Plaintiff's allegations surround the unlawful debt collection practices of BAYVIEW. Under a theory of vicarious liability, unlawful debt collection conducted by MSM on behalf of BAYVIEW supports Plaintiff adding MSM as a defendant to this action. Upon BAYVIEW's disclosure of the collection agreement between BAYVIEW and MSM, Plaintiff has become aware of new facts directly supporting Plaintiff's claims of unlawful debt collection against both BAYVIEW and MSM. These facts and evidence were not available to Plaintiff when he filed the complaint, nor at any time prior to Defendant's February 26, 2018 disclosure. (Sinnett Decl. ¶ 4). Plaintiff should therefore be granted leave file an amended complaint accordingly.

Moreover, Plaintiff seeks to add an additional party to this action which will ensure the parties' claims are adjudicated efficiently. To begin, the Ninth Circuit and common sense dictate that leave should be allowed to add additional parties. *See DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 185 (9th Cir. 1987). Given that the crux of the allegations against MSM are similar to those alleged against BAYVIEW and are proposed under a theory of vicarious liability, the court should favor adjudication as to both Defendants in the same action. Moreover,

amending the pleadings to incorporate parties with similar claims comports with the text and intent of the Federal Rules and the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

### B.  LEAVE TO AMEND WILL NOT CAUSE DEFENDANT PREJUDICE

The single most important factor in granting leave to amend is prejudice to the opposing party as "[p]rejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). It also warrants noting that Plaintiff is not required to show an absence of prejudice. "The party opposing amendment bears the burden of showing prejudice." *Eminence Capital, LLC.,* 316 F.3d 1048, 1052; *Jeong v. Minnesota Mut. Life Ins. Co.,* 46 F. App'x 448, 450 (9th Cir. 2002); *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir.1987).

This action has been pending for months but that is partially due to the parties' stipulation to extend BAYVIEW's time to respond to the initial Complaint. (Dkt No. 10). Nonetheless, little discovery has been conducted and there is no rational argument that BAYVIEW will be prejudiced by an amended Complaint at this stage of the proceedings.

Nor is there any argument that Plaintiff has engaged in any bad faith or undue delay in requesting to amend the pleadings now. Defendant only recently disclosed the existence of MSM and the relationship of MSM. This disclosure occurred in the last two months and Plaintiff needed sufficient time to review and determine the applicability of the documents provided by Defendant, and their relevance to the claims in the action and the putative class.

### IV.  CONCLUSION

Rule 15 imposes an incredibly low threshold for seeking leave to amend a pleading which is why the Ninth Circuit has directed district courts to grant leave to amend with "extreme liberality." *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Plaintiff, has more than

adequately met this standard and respectfully requests the Court grant leave to file an amended complaint.

Dated: April 30, 2018                    Respectfully submitted,

**SINNETT LAW, APC.**

By: /s/ Crystal T. Innabi
Crystal T. Innabi, Esq.
ATTORNEY FOR PLAINTIFF